UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY JOHNSON #286979,

    Plaintiff,                                           Hon. Janet T. Neff

v.                                                          Case No. 1:17-cv-853

LESLIE BRYANT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On September 26, 2016, Plaintiff was placed in a cell with a prisoner suffering from Methicillin-resistant Staphylococcus aureus (MRSA), a contagious staph infection. On October 3, 2016, Plaintiff spoke with Corrections Officer Leslie Bryant "about getting a room change." Bryant responded to Plaintiff's request by instructing Plaintiff "to deal with it." That same day, Plaintiff filed a grievance against Bryant "for failing to assign him to another cell given his roommate's MRSA infection."

On October 4, 2016, Plaintiff went to Bryant's office "to send out legal mail." Bryant stated to Plaintiff, "so, you wrote a grievance on me over this room shit after I told you to deal with it for a few weeks. You don't want to get on my bad side." Plaintiff responded by asking Bryant, "if

-1-

it was you, would you want to lock with someone who has a contagious disease"? Bryant then stated to Plaintiff, "I'm just letting you know lay off the grievances or I'll make your time hard." That same day, Plaintiff filed a grievance alleging that Bryant improperly informed other prison officials of Plaintiff's religious affiliations and his status as a member of a Security Threat Group.

On October 10, 2016, Plaintiff again requested that Bryant transfer him to another cell. Bryant responded to Plaintiff's request by stating that she was unaware that Plaintiff's roommate had MRSA and, furthermore, that even if such was the case it was a matter for healthcare to address. Accordingly, Bryant refused Plaintiff's request which prompted Plaintiff to file another grievance against Bryant.

On November 1, 2016, Plaintiff spoke with Bryant and again requested a transfer to another cell. Corrections Officer Robert Darnell overhead Plaintiff and responded, "you better hope we don't find something to put you in segregation for, that's the only room change you're going to get for all these grievances you been writing." Following this exchange, Bryant charged Plaintiff with Creating a Disturbance at which point Plaintiff was placed in administrative segregation. Darnell submitted in a falsified statement supporting this charge. Following a hearing, the misconduct charge against Plaintiff was dismissed.

Plaintiff initiated the present action on September 25, 2017, against Bryant and Darnell alleging that "the false misconduct charges filed by Defendant Bryant and false supporting statement by Defendant Darnell were accomplished in order to retaliate against Plaintiff Johnson and place him in solitary confinement because of his grievances and complaints against Defendant Bryant" regarding Plaintiff's efforts to secure a transfer to a different cell. On November 17, 2017, Plaintiff submitted a supplement to his complaint in which he alleged that Defendants Bryant and Darnell also engaged

in a civil conspiracy to violate his rights by unlawfully retaliating against him.  (ECF No. 7).[1]  Defendants Bryant and Darnell now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

### **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his]

---

[1] Plaintiff incorrectly titled this pleading an "amended complaint."  This pleading is properly characterized as a supplement to Plaintiff's original complaint because such does not contain a complete articulation of Plaintiff's claims and allegations, but instead only asserted additional facts and claims which supplement those asserted in Plaintiff's original complaint.

mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

-4-

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. See Porter v. Nussle, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. See Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff.

*Id.* at ¶ V.  The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  *Id.* at ¶ BB.  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  *Id.* at ¶ FF.  The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*

In support of their motion, Defendants have submitted copies of various grievances Plaintiff pursued through all three steps of the grievance process.  (ECF No. 16-3 at PageID.95-129).  Defendants argue that none of these grievances exhaust the claims asserted in this action.  Plaintiff responds by identifying four grievances which he asserts exhaust his various claims.  An examination of these grievances reveal that Plaintiff has properly exhausted only one of his claims.

        A.     Grievance IBC-16-10-2471-03z

Plaintiff initiated this grievance on October 3, 2016, to complain that he had been moved to a cell with an inmate suffering from MRSA.  (ECF No. 1-1 at PageID.13-17).  The only claims Plaintiff has asserted in this matter are that Defendants Bryant and Darnell conspired to unlawfully retaliate against him and did, in fact, unlawfully retaliate against him.  This grievance does not address these claims.

B.      Grievance IBC-16-10-2493-28c

Plaintiff initiated this grievance on October 4, 2016, complaining that Defendant Bryant improperly shared with other prison officials information concerning Plaintiff's religious beliefs and affiliation.   (ECF No. 1-1 at PageID.19-22).   The only claims Plaintiff has asserted in this matter are that Defendants Bryant and Darnell conspired to unlawfully retaliate against him and did, in fact, unlawfully retaliate against him.   This grievance does not address these claims.

C.      Grievance IBC-16-10-2495-28a

Plaintiff initiated this grievance on October 10, 2016, challenging the decision by Defendant Bryant to place him in a cell with a prisoner suffering from MRSA.   (ECF No. 1-1 at PageID.24-27).   The only claims Plaintiff has asserted in this matter are that Defendants Bryant and Darnell conspired to unlawfully retaliate against him and did, in fact, unlawfully retaliate against him. This grievance does not address these claims.

D.      Grievance IBC-16-11-2776-27a

Plaintiff initiated this grievance on November 14, 2016, alleging that Defendant Bryant falsely charged him with Creating a Disturbance "in retaliation for [Plaintiff] writing several grievances against her."   (ECF No. 1-1 at PageID.31-34).   Plaintiff's Step I grievance was denied on the ground that decisions made by Hearing Officers cannot be challenged in a grievance.   (ECF No. 16-3 at PageID.114).   Plaintiff pursued the matter through all three steps of the grievance process.

Defendants' argument that this grievance does not exhaust any of the claims asserted by Plaintiff in this matter is not persuasive.   The characterization by the MDOC that Plaintiff was grieving the Hearing Officer's decision is contrary to the plain wording of Plaintiff's grievance which, as quoted above, clearly alleges that Defendant Bryant unlawfully retaliated against him.   It is simply

-7-

not reasonable to interpret Plaintiff's grievance as a challenge to the Hearing Officer's decision, especially considering that the Hearing Officer dismissed the charge against Plaintiff.   (ECF No. 1-1 at PageID.30).

Plaintiff clearly presented in his grievance his claim that Defendant Bryant unlawfully retaliated against him.   Plaintiff pursued the matter through all three steps of the grievance process. The refusal by the MDOC to address Plaintiff's claim cannot now be invoked by Defendants as a basis to dismiss Plaintiff's complaint.  Such logic would incentivize the MDOC to simply disregard the substance of a prisoner's grievance and later argue that such was not exhausted.  Simply put, the PLRA mandates that before prisoners bring an action in federal court they first afford prison officials an opportunity to address the matter in question.   Plaintiff complied with this requirement and the MDOC's refusal to address Plaintiff's complaint does not alter the calculus or outcome.

Accordingly, the Court concludes that this particular grievance does exhaust Plaintiff's claim that Defendant Bryant subjected him to unlawful retaliation.   However, this grievance fails to exhaust (1) Plaintiff's retaliation claim against Defendant Darnell and (2) Plaintiff's conspiracy claims against Defendants Bryant and Darnell.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 15), be **granted in part and denied in part**.   Specifically, the undersigned recommends that (1) Plaintiff's retaliation claim against Defendant Darnell and (2) Plaintiff's conspiracy claims against Defendants Bryant and Darnell be dismissed for failure to exhaust administrative remedies.   The undersigned further recommends, however, that Plaintiff's retaliation claim against Defendant Bryant go forward.


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: March 21, 2018     /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge