UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DON JOHNSON,

    Plaintiff,

v.

Case No. 1:17-cv-853

HON. JANET T. NEFF

LESLIE M. BRYANT and ROBERT DARNELL,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that Plaintiff had not exhausted his administrative remedies. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part the motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Plaintiff has also filed a "Motion to Discharge or Remove Mag. Judge Who Is Acting In Official Capacity of a Judge Without Consesual [sic] Consent" (ECF No. 38). Defendants did not file a response to the objections or motion. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the motion, denies the objections and issues this Opinion and Order.

As a threshold matter, there is no merit in Plaintiff's "Motion to Discharge or Remove Mag. Judge Who Is Acting In Official Capacity of a Judge Without Consesual [sic] Consent" (ECF No. 38). Plaintiff's consent was not required for this Court to refer this matter to the Magistrate Judge. Rather, 28 U.S.C. § 636(b)(1)(B) provides that "a judge may … designate a magistrate judge to … submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any … prisoner petitions challenging conditions of confinement." *See also* W.D. Mich. LCivR 72.1(e) ("A magistrate judge may issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding and may submit to a judge a report containing proposed findings of fact and recommendations for the disposition of petitions filed by prisoners challenging the conditions of their confinement.").

Plaintiff's objections to the Magistrate Judge's Report and Recommendation lack merit. The Magistrate Judge determined that an examination of the grievances submitted by Defendants revealed that Plaintiff exhausted only one of his claims: his retaliation claim against Defendant Bryant (R&R, ECF No. 21 at PageID.146). The Magistrate Judge recommends that Plaintiff's retaliation claim against Defendant Darnell and his conspiracy claims against both Defendants be dismissed for failure to exhaust administrative remedies (*id.* at PageID.148).

Plaintiff argues that the Magistrate Judge erred in not finding that Grievance IBC-16-11-2776-27a also operated to exhaust his conspiracy claims against Defendants (Pl. Obj., ECF No. 25 at PageID.160). According to Plaintiff, he "clearly presented in his grievance his claim that Defendant Bryant and Defendant Darnell unlawfully retaliated and conspired against him" (*id.* at PageID.158). However, a review of the grievance does not support Plaintiff's argument. In the grievance, Plaintiff states the problem only as that he was "retaliated against for writing

[grievances]" (ECF No. 16-3 at PageID. 113). Plaintiff's objections demonstrate no factual or legal error in the Magistrate Judge's recommendation. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Discharge or Remove Mag. Judge Who Is Acting In Official Capacity of a Judge Without Consesual [sic] Consent" (ECF No. 38). is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF No. 25) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 21) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 15) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation; specifically, Plaintiff's retaliation claim against Defendant Darnell and Plaintiff's conspiracy claims against Defendants Bryant and Darnell are DISMISSED for failure to exhaust administrative remedies, but Plaintiff's retaliation claim against Defendant Bryant will go forward.

Dated: June 25, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge