UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DON JOHNSON #286979,

    Plaintiff,                                Hon. Janet T. Neff

v.                                              Case No. 1:17-cv-853

LESLIE BRYANT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Summary Judgment</u>. (ECF No. 43). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

**I.**     **Background**

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On September 26, 2016, Plaintiff was placed in a cell with a prisoner suffering from Methicillin-resistant Staphylococcus aureus (MRSA), a contagious staph infection. On October 3, 2016, Plaintiff spoke with Corrections Officer Leslie Bryant "about getting a room change." Bryant responded to Plaintiff's request by instructing Plaintiff "to deal with it." That same day, Plaintiff filed a grievance against Bryant "for failing to assign him to another cell given his roommate's MRSA infection."

On October 4, 2016, Plaintiff went to Bryant's office "to send out legal mail." Bryant stated to Plaintiff, "so, you wrote a grievance on me over this room shit after I told you to deal with it for a few weeks. You don't want to get on my bad side." Plaintiff responded by asking Bryant, "if

-1-

it was you, would you want to lock with someone who has a contagious disease"?  Bryant then stated to Plaintiff, "I'm just letting you know lay off the grievances or I'll make your time hard."  That same day, Plaintiff filed a grievance alleging that Bryant improperly informed other prison officials of Plaintiff's religious affiliations and his status as a member of a Security Threat Group.

On October 10, 2016, Plaintiff again requested that Bryant transfer him to another cell. Bryant responded to Plaintiff's request by stating that she was unaware that Plaintiff's roommate had MRSA and, furthermore, that even if such was the case it was a matter for healthcare to address. Accordingly, Bryant refused Plaintiff's request which prompted Plaintiff to file another grievance against Bryant.

On November 1, 2016, Plaintiff spoke with Bryant and again requested a transfer to another cell.  Corrections Officer Robert Darnell overhead Plaintiff and responded, "you better hope we don't find something to put you in segregation for, that's the only room change you're going to get for all these grievances you been writing."  Following this exchange, Bryant charged Plaintiff with Creating a Disturbance at which point Plaintiff was placed in administrative segregation.  Darnell submitted in a falsified statement supporting this charge.  Following a hearing, the misconduct charge against Plaintiff was dismissed.

Plaintiff initiated the present action on September 25, 2017, against Bryant and Darnell alleging that "the false misconduct charges filed by Defendant Bryant and false supporting statement by Defendant Darnell were accomplished in order to retaliate against Plaintiff Johnson and place him in solitary confinement because of his grievances and complaints against Defendant Bryant" regarding Plaintiff's efforts to secure a transfer to a different cell.  On November 17, 2017, Plaintiff submitted a supplement to his complaint in which he alleged that Defendants Bryant and Darnell also engaged

-2-

in a civil conspiracy to violate his rights by unlawfully retaliating against him.  (ECF No. 7).[1]

Defendants Bryant and Darnell subsequently moved for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.  Defendants' motion was granted in part and denied in part.  (ECF No. 46).  Accordingly, the only claim remaining in this matter is Plaintiff's claim that Defendant Bryant unlawfully retaliated against him.  (ECF No. 46).  Plaintiff now moves for summary judgment.

## II.        Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The existence of a

---

[1] Plaintiff incorrectly titled this pleading an "amended complaint."  This pleading is properly characterized as a supplement to Plaintiff's original complaint because such does not contain a complete articulation of Plaintiff's claims and allegations, but instead only asserted additional facts and claims which supplement those asserted in Plaintiff's original complaint.

-3-

mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible

of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**III.     Analysis**

In support of his motion for summary judgment, Plaintiff has not submitted any evidence regarding the merits or elements of his remaining claim of retaliation, but instead has submitted evidence regarding whether he has properly exhausted his administrative remedies.  The issue of exhaustion has already been addressed by the Court in the context of Defendants' motion for summary judgment as noted above.   Plaintiff is not entitled to summary judgment unless he presents *evidence* "sufficient for the court to hold that no reasonable trier of fact could find other than for [Plaintiff]."  Plaintiff has failed to meet his burden in this regard.  Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 43), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: July 12, 2018              /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge