UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DON JOHNSON,

    Plaintiff,

v.

LESLIE M. BRYANT, et al.,

    Defendants.

_____/

Case No. 1:17-cv-853

HON. JANET T. NEFF

## OPINION AND ORDER

On September 25, 2017, Plaintiff initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983. The only claim remaining is Plaintiff's claim that Defendant Bryant unlawfully retaliated against him. Pending before the Court are Plaintiff's Objection (ECF No. 59) and Motion to Amend His Objection (ECF No. 63); Plaintiff's appeals from the Magistrate Judge's orders (ECF Nos. 60 & 81); Plaintiff's Motion for Reconsideration (ECF No. 61); and Plaintiff's Motion to Expedite Case (ECF No. 56). The Court denies Plaintiff's Objection (ECF No. 59), as amended (ECF No. 63); denies Plaintiff's appeals (ECF Nos. 60 & 81); and denies Plaintiff's motion for reconsideration (ECF No. 61). Accordingly, the Court denies as moot Plaintiff's Motion to Expedite Case (ECF No. 56).

**Plaintiff's Objection & Motion to Amend his Objection (ECF Nos. 59 & 63)**

On July 20, 2018, Plaintiff filed an objection to the Magistrate Judge's July 12, 2018 Report and Recommendation in which the Magistrate Judge recommended that this Court deny Plaintiff's motion for summary judgment. On July 27, 2018, Plaintiff filed a "Motion to Amend Plaintiff's

Objection" (ECF No. 63).  Plaintiff's "Motion to Amend," which supplements the initial objection with further legal research, will be granted.  In accordance with 28 U.S.C. § 636(b)(1)(A) and W.D. Mich. LCivR 72.3(b), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made.

The Magistrate Judge recommended denial of Plaintiff's motion for summary judgment because Plaintiff failed to meet his evidentiary burden (R&R, ECF No. 57 at PageID.320-324).  Specifically, the Magistrate Judge found that "Plaintiff has not submitted any evidence regarding the merits or elements of his remaining claim, but instead has submitted evidence regarding whether he has properly exhausted his administrative remedies" (*id.* at PageID.324).

In his objection, as amended, Plaintiff briefly recites the elements of a First Amendment retaliation claim, the alleged factual basis for his retaliation claim, and the standard by which a court must read a *pro se* complaint.  However, Plaintiff identifies no factual or legal error in the Magistrate Judge's analysis.  Therefore, his objection is denied, the Report and Recommendation is adopted as the Opinion of the Court, and Plaintiff's motion for summary judgment is denied.

**Plaintiff's Appeal from the Magistrate Judge's Order (ECF No. 60)**

Also on July 20, 2018, Plaintiff filed a document titled "Plaintiff's Motion to Object Magistrate Judge Order to plaintiff's discovery motions for ecf no. 50, 51 and 52" (ECF No. 60).  The Magistrate Judge denied the motions to compel Defendants to provide certain discovery because there was "no indication that Plaintiff ever submitted the discovery requests in question to Defendants" (Order, ECF No. 55 at PageID.316).  In his appeal, Plaintiff indicates that a July 5, 2018 proof of service "will verify that Plaintiff served these documents upon the Defendants" (ECF No. 60 at PageID.331).  However, Plaintiff's July 5, 2018 proof of service (ECF No. 53) only serves to demonstrate that the motions to compel discovery, not the initial requests, were

served on Defendants. Therefore, Plaintiff fails to demonstrate that the Magistrate Judge's order is either clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Therefore, his appeal is denied.

**Plaintiff's Motion for Reconsideration (ECF No. 61)**

The third document Plaintiff filed on July 20, 2018 is titled "Plaintiff's Motion to Object District Judge Order to Plaintiff's Objections (ECF No. 25) and Defendant's Motion for Summary Judgment (ECF No. 15)" (ECF No. 61). Plaintiff seeks reconsideration of this Court's June 25, 2018 Opinion and Order (ECF No. 46), which approved and adopted a March 21, 2018 Report and Recommendation of the Magistrate Judge to grant in part and deny in part Defendants' motion for summary judgment. Specifically, Plaintiff requests this Court "grant all Motions" in Plaintiff's favor (ECF No. 61 at PageID.337).

This Court's June 25, 2018 Opinion and Order resolved two matters. First, the Court denied Plaintiff's "Motion to Discharge or Remove Magistrate Judge…" (ECF No. 46 at PageID.284). To this part of the Order, Plaintiff makes no objection; therefore, it is not reconsidered. Second, the Court denied Plaintiff's objections and adopted the Magistrate Judge's determination that only one of Plaintiff's claims—his retaliation claim against Defendant Bryant— had been properly exhausted (*id.* at PageID.284-285). Accordingly, the Court granted in part and denied in part Defendants' motion for summary judgment. Plaintiff asks the Court to reconsider this portion of the Order; however, Plaintiff fails to show a palpable defect by which the Court was misled. Rather, Plaintiff merely presents the same issues ruled upon by the Court. Consequently, the motion for reconsideration is properly denied. *See* W.D. Mich. LCivR 7.4(a).

**Plaintiff's Appeal from the Magistrate Judge's Order (ECF No. 81)**

On December 10, 2018, Plaintiff filed an appeal from the Magistrate Judge's Order denying his motion for appointment of counsel (ECF No. 81). The Magistrate Judge determined that appointment of counsel was not presently warranted under the relevant factors (ECF No. 77 at PageID.407-408, citing *McKeever v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado v. Keohane*, 992 F.2d 601, 604-606 (6th Cir. 1993)). In his appeal from the Order, Plaintiff asserts that the Magistrate Judge "falsified her finding in the factors in order to deny this order/motion, despite Plaintiff [sic] clearly showed [sic] that to deny counsel is a fundamental unfairness against Plaintiff" (ECF No. 81 at PageID.419-420). Plaintiff's assertion is misplaced inasmuch as the Magistrate Judge's Order does not include findings. Further, Plaintiff does not demonstrate that the Magistrate Judge's order is either clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Therefore, his appeal is denied.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Amend Plaintiff's Objection" (ECF No. 63) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (ECF No. 59), as amended, is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 57) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 43) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's appeal from the Magistrate Judge's Order (ECF No. 60) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 61) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's appeal from the Magistrate Judge's Order (ECF No. 81) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Case (ECF No. 56) is DENIED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: February 5, 2019 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge