UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DON JOHNSON,

      Plaintiff,                                  Case No. 1:17-cv-853

v.                                                     Hon. Hala Y. Jarbou

LESLIE M. BRYANT, et al.,

      Defendants.
_____/

## ORDER

On October 19, 2021, the magistrate judge issued a Report and Recommendation (R&R) recommending that the Court grant Defendant Bryant's motion for summary judgment (ECF No. 139) and dismiss her from the case. (ECF No. 146.) Before the Court is Plaintiff's objection to the R&R (ECF No. 149).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that Defendant was entitled to summary judgment because she had shown that she would have issued the misconduct ticket to Plaintiff for Creating a Disturbance even if he had not engaged in his grievance activity. This determination was based on three admissions from Plaintiff:

- A lot of people interpret his tone as aggressive, and his demeanor can be "taken the wrong way." (Johnson Dep., ECF No. 140-3, PageID.598.)

- He told Defendant to "watch your fucking mouth and watch who you're talking to." (*Id.*)

- His interaction with Bryant was loud enough that CO Darnell left the break room to see "what's going on?" (*Id.*, PageID.598.)

(R&R, PageID.647.)

Plaintiff objects and argues that genuine issues of material fact remain in this case, pointing to several examples. Most notably, in footnote 2 of his objection, Plaintiff disputes the finding that the evidence establishes a disturbance that warranted a writeup. (Pl.'s Obj. to R&R, ECF No.149, PageID.656 n.2.) Plaintiff also argues that the magistrate judge erred in "asking whether Defendant Bryant would have written the misconduct ticket even if Plaintiff had not engaged in his grievance activity," because "[a]ction even *partially* motivated by retaliation constitutes a First Amendment violation." (*Id.*, PageID.656 (citing *McCain v. Jenkins*, No. 2:15-CV-1262, 2020 WL 5651537, at *3-4 (S.D. Ohio Sep. 23, 2020).)

First, Plaintiff misunderstands the standard applied for First Amendment retaliation claims. As the R&R states, the plaintiff must establish that

> (1) [He] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal element between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X*, 175 F.3d at 394. The third element, causation, is analyzed under a burden-shifting framework. *Id.* at 399 ("[T]he analysis of motive in retaliation claims utilizes a shifting burden that may mean early dismissal."); *see also Parker v. Vasquez*, No.1:16-cv-450, 2019 WL 1586866, at *4 (W.D. Mich. Mar. 14, 2019).

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Thaddeus-X*, 175 F.3d at 399. Therefore, the magistrate judge's inquiry was correct.

However, while the magistrate judge applied the correct standard, on de novo review, the Court finds that the magistrate judge did not construe the facts in the light most favorable to Plaintiff in finding that Plaintiff's admissions amounted to the infraction of Creating a Disturbance. Creating a Disturbance is defined as "Actions or words of a prisoner which result in disruption or disturbance among others, but which does not endanger persons or property." (Mich. Dep't of Corr. Pol'y Directive 03.03.105B, ECF No. 140-4, PageID.621.) Plaintiff testified that he never raised his voice or yelled at Defendant Bryant. (Johnson Dep., PageID.597-98.) Further, he stated that Defendant "started raising her voice as if I was one of her children that she was disciplining me," (*Id.*, PageID.599) and "Bryant started cussing me out" (*Id.*, PageID.597).

Viewing the facts in the light most favorable to Plaintiff, there is a question of fact as to what caused CO Darnell to come out of the break room, whether it was Defendant Bryant's raised voice or Plaintiff's. The violation of Creating a Disturbance requires words or actions of a prisoner. Plaintiff has not conceded or testified that he raised his voice, other than testifying that he told Defendant to watch her mouth with profanity. Because there is a question of fact whether Plaintiff caused a disturbance, Defendant has not shown that she would have written Plaintiff a ticket even if Plaintiff had not engaged in his grievance activity. Therefore, Defendant is not entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 146) is **REJECTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 149) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Defendant Bryant's motion for summary judgment (ECF No. 139) is **DENIED**.

Date:   December 21, 2021          /s/ Hala Y. Jarbou
                                   HALA Y. JARBOU
                                   UNITED STATES DISTRICT JUDGE

4